IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL BRYANT and <br> DEVIN CASSELL <br> On Behalf of themselves and all <br> Others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> MW MANUFACTUERS INC. <br> Serve: Corporation Service Company <br> 100 Shockhoe Slip Fl. 2, <br> Richmond, VA <br> 23219-4100 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No.   7:22cv00615 |

**PLAINITFF'S FIRST COLLECTIVE ACTION COMPLAINT**

Named Plaintiffs Michael Bryant and Devin Cassel ("Plaintiffs") individually, and on behalf of all other similarly situated hourly-paid production employees, bring this Fair Labor Standards Act ("FLSA") (29 U.S.C. § 216(b)), Virginia Wage Payment Act (Va. Code §  40.1-28.8 et. seq. and Va. Code § 40.1-29 et seq.) and Virginia Overtime Wage Act (Va. Code § 40.1-29.2) collective action against   ("Defendant") and shows as follows:

I.     **NATURE OF SUIT**

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 216(b), Virginia Wage Payment Act ("VWPA") Va. Code § 40.1-28.8 et. seq. and Va. Code § 40.1-29 et seq. and the Virginia Overtime Wage Act (Va. Code § 40.1-29.2) to recover unpaid overtime compensation, minimum wages and other damages

       owed to Plaintiffs and other similarly situated.

2.   During all times material, Defendant violated the FLSA by failing to pay Plaintiffs and those similarly situated at the appropriate overtime rates of pay for all hours worked over forty (40) per week.

3.   Defendant also violated the FLSA by failing to pay Plaintiffs and those similarly situated the federally mandated minimum wage rate of $7.25 per hour for all hours worked.

4.   This lawsuit is also brought against Defendant as a collective action under Virginia's Virginia Wage Payment Act, Va. Code Ann. § 40.1-28.8 et. seq. and Va. Code § 40.1-29 et. seq. ("VWPA"), for failing to pay Plaintiffs and other similarly situated employees the Virginia minimum wage of $11 per hour for each hour worked as of January 1, 2022, $9.50 per hour for each hour worked from May 1, 2021 until January 1, 2022 and other damages owed to Plaintiffs and similarly situated employees for failure to pay at the appropriate overtime rates of pay for all hours worked over forty (40) per week pursuant to Va. Code 40.1-29.2. (Virginia Overtime Wage Act or "VOWA")

## II.   PARTIES

5.   Plaintiffs Michael Bryant and Devin Cassell were employed by Defendant in this judicial district as hourly-paid production associate employees at all times material to this collective action.

6.   Defendant MW Manufacturers Inc. is a Delaware Corporation with its principal address at 5020 Weston Pkwy Ste 400, Cary, NC, 27513, USA, at all materials times, Plaintiffs' employer, as that term is defined in the FLSA and the Virginia Wage Payment Act and Virginia Overtime Wage Act.

### III. JURISDICTION AND VENUE

7. This Court has jurisdiction because the suit arises under 29 U.S.C. § 201 *et seq.* and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C § 1367.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant does business in this district and Plaintiffs were employed by and performed work for Defendant in this district during all times material to this action.

### IV. CLASS DESCRIPTION

9. Plaintiffs brings this action on behalf of themselves and the following similarly situated persons as a class:

   > All individuals employed by Defendant as full-time production hourly-paid employees for at least one full week during the three (3) years prior to the filing of the Original Complaint, up to and including the date of final judgment in this matter, including the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b) and Va. Code § 40.1-28.8 et. seq., Va. Code § 40.1-29 et. seq. and Va. Code 40.1-29.2. (Collectively, "the putative class").

### V. COVERAGE

10. At all times relevant, Defendant has been an "employer" within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Va. Code § 40.1-28.9, and Va. Code § 40.1-29.2.

11. At all times relevant, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

12. At all times relevant, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

13. At all times hereinafter mentioned, Plaintiffs and similarly situated have been "employees" of Defendant as that term is defined in the FLSA and Va. Code § 40.1-28.9 and Va. Code § 40.1-29.2.

## VI. ALLEGATIONS

14. MW Manufacturers Inc. is a business engaged in the manufacture of windows and doors with a location in Rocky Mount Virginia.

15. Plaintiffs were employed by and worked for Defendant as hourly-paid production employees in 2022.

16. Plaintiffs and the putative class worked for Defendant in excess of forty (40) hours during weekly pay periods at all times material to this collective action.

17. Plaintiffs routinely worked in excess for 40 hours per work, but had time deducted or adjusted by Defendants supervisory employees so that they could "make payroll."

18. Defendant had a common practice of failing to pay Plaintiffs and those similarly situated for each and all hours worked which included but was not limited to adjusting the time that Plaintiffs clocked in (or out) to deduct the times which Plaintiffs and those similarly situated were engaged to wait while the Defendant performed maintenance or repaired certain machinery and equipment, including clocking Plaintiffs out after the fact when machinery was broken while forbidding them to leave the premises and punishing them if they were not immediately available for work when machinery was repaired. Plaintiffs

and those similarly situated were unable to use this time effectively for their own purposes, were unable to leave and were not relieved of the requirement to immediately resume their duties upon repair of machinery.

19. Defendant would adjust the time of employees to reflect extended uncompensated lunch breaks when in fact they were engaged to wait for the repair of machinery, and could not effectively use the time for their own purposes.

20. Defendant had a common practice of failing to pay Plaintiffs and those similarly situated for each and all hours worked which included deducting the time during which Plaintiffs and those similarly situated were required to don specialized equipment necessary to perform their jobs such as protective arm sleeves, cut proof gloves and aprons.

21. Defendant had a common practice of simply deducting time from the hours worked of Plaintiffs' and those similarly situated as punishment for perceived disrespect or other imagined infractions in order to "make payroll."

22. Defendant had a common practice of failing to pay Plaintiffs and the putative class at a time equal to one and one-half time their regular rate of pay for all hours worked in excess of forty (40) in each week where they worked overtime.

23. As a result of the above Defendant failed to pay Plaintiffs and those similarly situated for all hours worked at the required federal minimum wage and each hour worked at the wage required by Virginia law.

24. Defendant was aware they were not compensating Plaintiffs and the putative class at the FLSA and VOWA required rates and premium rates of pay for all overtime hours.

25. Indeed, supervisors for the Defendants frequently announced that they could not pay overtime and had to make payroll while still requiring Plaintiffs and those similarly

situated to work in excess of 40 hours per week.

26. The aforementioned unpaid wage and unpaid overtime claims are unified through a common theory of Defendant' FLSA and VWPA and VOWA violations.

27. Defendant's actions violated 29 U.S.C. § 207(a)(1) and Va. Code § 40.1-28.8 et. seq. and Va. Code § 40.1-29 et. seq.

28. Defendant's above-described actions were willful and/or made with reckless disregard of FLSA's overtime and minimum wage provisions and the Virginia Wage Payment Act.

29. As a result of Defendant's actions, Plaintiffs and putative class members have suffered lost wages in terms of lost minimum wages and lost overtime compensation.

30. The net effect of Defendant' actions is that they enriched itself and enjoyed ill-gained profits at the expense of Plaintiffs and putative class members.

### VII. FLSA , VOWA and VWPA COLLECTIVE ACTION ALLEGATIONS

31. Plaintiffs brings this case as a collective action on behalf of themselves, individually, and on behalf of other similarly situated hourly-paid janitorial employees pursuant to 29 U.S.C. § 216(b), Va. Code Ann. § 40.1-28.8 et. seq., Va. Code § 40.1-29 et. seq. and Va. Code Ann. § 40.1-29.2.

32. Plaintiffs seeks to recover, for themselves and the putative class, unpaid overtime compensation, unpaid minimum wages, liquidated damages, treble damages, attorneys' fees and costs, and other damages owed.

33. Plaintiffs and class members are "similarly situated" for purposes of 29 U.S.C. §216(b), Va. Code Ann. § 40.1-28.8 et. seq., Va. Code § 40.1-29 et. seq. and Va. Code Ann. § 40.1-29.2, because, *inter alia*, Defendant employed a common pay scheme that resulted in the failure to pay Plaintiffs and putative class members in compliance with the FLSA,

VWPA, and VOWA.

34. This action is properly maintained as a collective action because Plaintiffs is similarly situated to the members of the putative class with respect to Defendant's time keeping, pay practices, and compensation plans, policies and practices.

35. This action also is properly maintained as a collective action under the FLSA because the aforementioned unpaid wage claims are unified through a common theory of Defendant's FLSA, VWPA and VOWA violations.

36. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA and VOWA overtime provisions and caused significant damage to Plaintiffs and the putative class.

37. Defendant did not have a good faith basis for its failure to compensate Plaintiffs and putative class members at the required minimum wage rate and for all their compensable overtime hours at the FLSA and VWPA applicable rates of pay.

38. Therefore, Defendant is liable to Plaintiffs and putative class members under the FLSA, VOWA and VWPA.

39. Plaintiffs requests this Court to authorize notice to the members of the putative class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), Va. Code Ann. § 40.1-28.8 et. seq. and Va. Code § 40.1-29 et. seq. and Va. Code Ann. § 40.1-29.2, for the purpose of seeking unpaid overtime compensation, unpaid minimum wages and unauthorized deductions as well as liquidated damages, treble damages and the other relief requested herein.

40. Plaintiffs estimate there are several hundred putative class members. The precise number of collective class members can be easily ascertained by examining Defendant' payroll,

scheduling, timekeeping, personnel and other work-related records and documents.

41. Given the composition and size of the class, members of the putative class may be informed of the pendency of this action directly via U.S. mail, text message, and e-mail.

42. Plaintiffs and putative class members' unpaid wage claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I: UNPAID OVERTIME WAGES
### (Violation of the Fair Labor Standards Act and Virginia Overtime Wage Act)

43. Plaintiffs incorporates by reference all preceding paragraphs as fully as if written herein.

44. At all times material, Plaintiffs and putative class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq* and Virginia Code § 40.1-28.8 et. seq and Va. Code § 40.1-29 et. seq.

45. Defendant was an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a). Plaintiffs and putative class members also have engaged in interstate commerce during all times material to this action.

46. Defendant was an "employer" within the meaning of Va. Code § 40.1-29.2.

47. Plaintiffs and putative class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements, and VOWA.

48. Plaintiffs and putative class members have been similarly situated individuals for purposes of 29 U.S.C. § 216(b) and Va. Code § 40.1-29 at all relevant times.

49. Section 207(a)(1) of the FLSA states an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in

excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

50. Va. Code § 40.1-29.2 requires that "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207."

51. Through their actions and practices Defendant violated the FLSA and VOWA by regularly and repeatedly failing to compensate Plaintiffs and putative class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA and VOWA.

52. Defendant's actions were willful with reckless disregard of clearly applicable FLSA and VOWA provisions.

53. The unpaid overtime claims of are unified through a common theory of Defendant's FLSA and VOWA violations.

54. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and putative class members have suffered and will continue to suffer a loss of income and other damages.

55. Therefore, Defendant is liable to Plaintiffs and other members of the class for actual and liquidated damages pursuant to 29 U.S.C. § 216(b), treble damages pursuant to Va. Code § 40.1-29.2 as well as reasonable attorneys' fees, costs and expenses and interest at the rate of 8 percent per annum.

## COUNT II: UNPAID MINIMUM WAGES
### (Violation of the Fair Labor Standards Act and the Virginia Wage Payment Act)

56. The forgoing paragraphs are incorporated by reference as if fully stated herein.

57. Through their actions, policies, practices, and plans, Defendant violated the FLSA and VWPA by failing to compensate Plaintiffs and putative class members the full federal minimum wage for all hours worked in various workweeks during the last three (3) years, and the required Virginia minimum wage of $11.00 per hour for each hour worked since January 1, 2022 and $9.50 per hour for each hour worked from May 1, 2021 until January 1, 2022.

58. Defendant's actions were willful with reckless disregard of clearly applicable FLSA and VWPA provisions.

59. As a direct and proximate cause of Defendant' unlawful conduct, Plaintiffs and putative class members have suffered and will continue to suffer a loss of income and other damages.

60. Therefore, Defendant is liable to Plaintiffs and class members for actual damages, liquidated damages, equitable relief, and reasonable attorney fees pursuant to 29 U.S.C. § 201, *et seq*., as well as actual damages, treble damages, equitable relief and reasonable attorney fees, pursuant to Va. Code § 40.1-29 costs and expenses and interest at a rate of 8 percent per annum.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of the putative class, requests the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiffs and putative class members all unpaid overtime compensation;

b) Award Plaintiffs and putative class members all unpaid minimum wages;

c) Find and declare that Defendant's violations of the FLSA were willful and, accordingly, the three (3) year statute of limitations under the FLSA and VOWA/VWPA applies to this action;

d) Find and declare that Defendant's violations of the VOWA and VWPA were willful and, accordingly, that Plaintiffs are entitled to treble damages;

e) Award Plaintiffs and putative class members liquidated damages in accordance with the FLSA and VOWA/VWPA;

f) Award prejudgment interest (to the extent that liquidated damages are not awarded);

g) Award Plaintiffs and the putative class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA and VWPA/VOWA;

h) Award Plaintiffs and the putative class members interest at the rate of 8 percent per annum;

i) Award post-judgment interest and court costs as allowed by law;

j) Enter an Order designating this action as an opt-in collective action under the FLSA, VOWA and VWPA;

k) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) and Va. Code § 40.1-29 for the claims of the class;

l) Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

m) Provide additional general and equitable relief to which Plaintiffs and putative class members may be entitled; and

n) Provide further relief as the Court deems just and equitable.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands a **TRIAL BY JURY** as to all issues.


Dated: October 28, 2022                    Respectfully Submitted,

*/s/ Johneal Moore White*
Johneal Moore White
Glenn Robinson Cathey Memmer & Skaff, PLC
400 Salem Avenue, S.W., Suite 100
Roanoke, VA 24016
540-767-2206
Fax: 767-2220
Email: jwhite@glennrob.com