IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MICHAEL BRYANT and <br> DEVIN CASSELL <br> On Behalf of themselves and all <br> Others similarly situated <br><br> Plaintiffs, <br><br> v. <br><br> MW MANUFACTURERS INC. <br><br> Defendant. | Hon. Thomas T. Cullen <br><br> Civil Action No. 7:22-cv-00615 |

**JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS WITH PREJUDICE**

COMES NOW Plaintiffs Michael Bryant and Devin Cassell (collectively, "Plaintiffs") and MW Manufacturers, Inc. ("Defendant") and jointly move this Court for entry of an Order Approving the Settlement and Dismissing this Action with Prejudice as the Parties have resolved this matter and all claims raised herein and stipulate to the dismissal of this action with prejudice. In support of the Motion, the Parties state as follows:

**FACTUAL BACKGROUND**

1. Plaintiffs filed their Complaint on or about October 28, 2022 in the Western District of Virginia, Roanoke Division, seeking overtime compensation under the Fair Labor Standards Act ("FLSA").

2. Defendant filed its Answer and Defenses to the Complaint, in which it, *inter alia*: (a) denied that Plaintiffs worked any hours, including overtime hours, for which they were not compensated; and (b) asserted that Plaintiffs' claims for overtime and liquidated damages could not be sustained because any acts or omissions giving rise to this action were done in good faith

and with reasonable grounds for believing that the actions or omissions were not a violation of the FLSA.

3. Counsel for the parties have engaged in extensive settlement discussions regarding Plaintiffs' claims.

4. The Parties also exchanged documents and information regarding Plaintiffs' claims and Defendant's defenses, including Plaintiffs' pay records, weekly schedules, pay stubs, and other business records related to the Plaintiffs.

5. Following the depositions on both Plaintiffs, the Parties reached a resolution of all claims.

6. Despite agreeing to resolve Plaintiffs' claims in this case, Defendant continues to deny that Plaintiffs are entitled to additional wages under the FLSA. Notwithstanding the factual and legal defenses that Defendant believes are applicable in this matter, Defendant determined that it preferred to amicably conclude the instant litigation, considering the cost and time associated with the ongoing defense of this case.

7. Plaintiffs determined that they preferred to amicably resolve the matter as Defendant was providing them each with a 100% of the amount they claimed to be owed, including an equal portion for liquidated damages.

8. The parties jointly submit to the Court that there has been sufficient investigation and exchange of information to allow counsel for Plaintiffs and Defendant to evaluate the Parties' claims and defenses and make recommendations regarding the resolution of this matter.

9. A copy of the Parties' Confidential Settlement Agreement and Release is being attached hereto as Exhibit A.

## MEMORANDUM OF LAW

10.  In agreeing upon their settlement reached herein, the Parties advise the Court that they obtained sufficient information to allow them to make informed decisions after having had the opportunity to analyze their respective claims and defenses. The Parties also respectfully submit that the settlement reached among the Parties should be approved by this Court as fair and reasonable. *See* 29 U.S.C. §216(c). Courts in the Fourth Circuit generally follow the factors set out in *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). *See Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014). Pursuant to *Lynn's Food,* the Court reviews the parties' agreements to determine if they are "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. There is a "strong presumption" in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977)

11.  At all times material hereto, Plaintiffs and Defendant were represented by counsel experienced in the litigation of FLSA claims. Both the terms and conditions of the Parties' Confidential Settlement Agreement and Release and the settlement amounts reflected therein were the subject of arm's length negotiations. The settlement amounts were based on information exchanged by the Parties in Discovery, including Defendant's payroll records, weekly schedules, and paystubs and Plaintiffs' sworn testimony. The Parties, therefore, respectfully submit that the settlement constitutes a reasonable compromise of Plaintiffs' claims consistent with the intent and purpose of the FLSA and the requirements of *Lynn's Food*.

12. The Parties agree that the lawsuit involves disputed issues, including: (a) whether or not Plaintiffs were paid for all hours worked; (b) whether the Defendant acted in good faith as to bar all or part of Plaintiffs' claims.

13. The complexity, expense, and length of future litigation also militate in favor of this Settlement. Plaintiffs and Defendant continue to disagree over the merits of the claims asserted by Plaintiffs. If the Parties continued to litigate this matter, they would be forced to engage in costly and protracted litigation in order to prove their claims and defenses, including filing a Motion for Conditional Certification, the procedure of which itself Defendant opposes. Therefore, even if the Plaintiffs succeed on the merits of their claims, which would require substantial additional time and exercise of resources by both Parties, the amount of Plaintiffs' recovery is uncertain. Plaintiffs also worked for Defendant for a very limited amount of time and the disputed pay at issue is very minimal. Because of the nature of Defendant's defenses, the range of recovery in this matter is zero to full damages. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Based on the various issues in dispute and the uncertainty of the outcome of Plaintiffs' claims, Plaintiffs agree that the amount each is receiving pursuant to this settlement represents a reasonable compromise.

14. The last element the Court should evaluate in determining the fairness of the settlement is the reasonableness of the proposed attorneys' fees. In determining the reasonableness of attorneys' fees, the lodestar is generally recognized as a reasonable fee. *See City of Burlington v. Dague*, 505 U.S. 557, 562, 112 S. Ct. 2638, 120 L. Ed. 2d 449 (1992). The lodestar is calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate. *See Barber v. Kimbrell's*, 577 F.2d 216 (4th Cir. 1978).

15.  Here, the Parties stipulate that the amount allocated for attorney's fees and costs is reasonable based on the amount of time actually spent by Plaintiffs' counsel in prosecuting and ultimately resolving these claims. Further, the amount allocated for attorney's fees and costs was apportioned equally between the Plaintiffs. As such, the Parties submit that the amounts allocated to the Plaintiffs and Plaintiffs' counsel, represent a fair resolution to this matter that should be deemed to pass judicial scrutiny under *Lynn's Food Stores, Inc. v. U.S.*

## **CONCLUSION**

Based upon the foregoing, the Parties respectfully request that the Court approve the settlement as fair and reasonable and dismiss this case with prejudice.

Respectfully submitted,

BAKER & HOSTETLER LLP

/s/ *M. Scott McIntyre*
M. Scott McIntyre (*pro hac vice*)
312 Walnut Street, Suite 3200
Cincinnati OH 45202-4074
Telephone: 513.852.2622
Facsimile: 513.929.0303
Email: smcintyre@bakerlaw.com

/s/*Johneal White (w permission)*
Johneal Moore White
Glenn Robinson Cathey Memmer & Skaff, PLC
400 Salem Avenue, S.W., Suite 100
Roanoke, VA 24016
540-767-2206
Fax: 767-2220
Email: jwhite@glennrob.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was filed via the Court's electronic filing system which will notify all parties of record.

/s/ *M. Scott McIntyre*
M. Scott McIntyre (*pro hac vice*)
