IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL BRYANT & DEVIN CASSELL, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 7:22-cv-00615 |
| v. | ) ) | **ORDER** |
| MW MANUFACTURERS INC., | ) ) | By:  Hon. Thomas T. Cullen United States District Judge |
| Defendant. | ) | |

Plaintiffs Michael Bryant and Devin Cassell ("Plaintiffs") brought this action against Defendant MW Manufacturers Inc. ("MW") to recover unpaid wages[1] under the Fair Labor Standards Act ("FLSA").[2] It is now before the court on the parties' joint motion for approval of their proposed settlement agreement (the "Agreement"). (Joint Mot. Approve Settlement [ECF No. 27].) Having considered the parties' representations at the fairness hearing on March 25, 2024, and their filings in support of the instant motion, the court will grant the motion, approve the terms of the Agreement, and dismiss this action.

The FLSA does not permit settlement or compromise of claims except (1) for a payment supervised by the Department of Labor or (2) when a court determines that the settlement is "a fair and reasonable resolution of a bona fide dispute over FLSA provisions."

---

[1] Plaintiffs allege that MW—which employed Plaintiffs at all times material to this action—failed to pay them minimum wage and compensate them for overtime, in violation of the FLSA. (*See generally* Am. Compl. [ECF No. 6].) Plaintiffs also brought their unpaid-wages claims under the Virginia Overtime Wage Act and the Virginia Wage Payment Act. (*Id.*) Each of Plaintiffs' claims is covered by the parties' proposed settlement agreement. (*See* Agreement at 1 [ECF No. 27-1].)

[2] Plaintiffs brought this as a putative collective action under the FLSA, but no other past or present MW employees opted in to the action.

*Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982) (cleaned up); *see also Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010) (explaining that courts assess FLSA settlements for reasonableness). In making this determination, the court first must ensure that the matter involves "FLSA issues that are 'actually in dispute.'" *Saman v. LBDP, Inc.*, No. CIV.A. 12-1083, 2013 WL 2949047, at *3 (D. Md. June 13, 2013) (quoting *Lane v. Ko–Me, LLC*, No. CIV.A. 10-2261, 2011 WL 3880427, at *1 (D. Md. Aug. 31, 2011)). "A bona fide dispute exists when an employee makes a claim that . . . she is entitled to overtime payment" or other wages rightfully owed. *Lomascolo v. Parsons Brinckerhoff, Inc.*, No. 1:08-cv-1310, 2009 WL 3094955, at *16 (E.D. Va. Sept. 28, 2009) (cleaned up).

Here, there is a bona fide dispute as to MW's liability for Plaintiffs' claims. Plaintiffs allege that MW failed to comply with its obligations under the FLSA and owed them unpaid minimum and overtime wages. (Am. Compl. ¶¶ 51, 57.) Plaintiffs also allege that MW's failure to pay these wages was "willful with reckless disregard of clearly applicable FLSA . . . provisions." (*Id.* ¶¶ 52, 58.) For its part, MW disputes that it owes Plaintiffs *any* unpaid wages and contends that, even if it did, it is not liable because its "acts or omissions giving rise to this action were done in good faith and with reasonable grounds for believing" they did not violate the law. (Joint Mot. Approve Settlement ¶ 2.) Accordingly, there is a bona fide dispute as to MW's liability for Plaintiffs' claims.

Because there is a bona fide dispute as to MW's liability, the court assesses whether the Agreement's terms are fair, adequate, and reasonable. To do so, the court looks to the following factors:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in

the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the probability of plaintiffs' success on the merits; and (6) the amount of the settlement in relation to the potential recovery.

*Patel v. Barot*, 15 F. Supp. 3d 648, 656 (E.D. Va. 2014) (cleaned up); *see also Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). Considering these factors, the court is satisfied that the Agreement represents a fair, adequate, and reasonable resolution with respect to Plaintiffs' FLSA claims. Specifically, the terms of the Agreement provide for the payment of $900 to each Plaintiff, in satisfaction of their FLSA and related state-law claims, and $3,200 to their counsel for her work on this case, which the court finds reasonable under the circumstances. (*See* Agreement at 1–2.)

The record in this matter establishes that the parties conducted targeted—but nevertheless meaningful—discovery, including exchanging MW's payroll and scheduling records and deposing both Plaintiffs. (*See* Joint Mot. Approve Settlement ¶ 11; ECF Nos. 22–23.) This information gave the parties an opportunity to evaluate their positions and potential damages which, in turn, facilitated their negotiations and subsequent settlement.

Next, the parties reached the instant settlement after an arm's-length negotiation at a point in the proceedings which eliminated the need for time-consuming and costly motions practice. (*See* Joint Mot. Approve Settlement ¶¶ 11, 13.) There is also no evidence or suggestion of fraud or collusion in the Agreement, and counsel took efforts to minimize the costs and expense of this litigation in favor of a speedy and just resolution of the dispute. Additionally, counsel on both sides are experienced in these types of claims, and that experience is evident in the settlement they propose here.

As to the final two factors, Plaintiffs are receiving "100% of the amount they claim to be owed." (Joint Mot. Approve Settlement ¶ 7.) Plaintiffs believe they also would have prevailed on the merits of their claims, but that is far from certain given MW's contentions to date. (*See id.* ¶¶ 2, 6; Agreement at 2.) The settlement amount is therefore beneficial to Plaintiffs and fully compensates them for their alleged unpaid wages.

Lastly, the court finds that the award of $3,200 for attorney's fees and costs is reasonable. Under the FLSA, the court shall, "in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). But the FLSA "requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Poulin v. Gen. Dynamics Shared Res., Inc.*, No. 3:09-cv-00058, 2010 WL 1813497, at *1 (W.D. Va. May 5, 2010) (quoting *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009)). When assessing the fairness of a court-ordered fee award, courts typically use the lodestar analysis. *See Lyle v. Food Lion, Inc.*, 954 F.2d 984, 988 (4th Cir. 1992).

To determine the lodestar figure, the court multiplies the number of hours reasonably worked by counsel by a reasonable hourly rate. *See, e.g., In re Microstrategy, Inc.*, 172 F. Supp. 2d 778, 786 (E.D. Va. 2001). Plaintiffs' attorney worked for 71 hours on this matter,[3] which the court finds reasonable based on the unique complexities of FLSA actions. Moreover, given those complexities, the standard rate for this type of legal work, and the geographic area in which counsel practices, a conservative reasonable hourly rate for counsel's work is $200 per

---

[3] Plaintiffs' counsel shared a sworn declaration, which is on file with the court, that states she worked for this amount of time and incurred $708 in costs on this matter.

hour. *See, e.g.*, *Bressel v. Red Robin Int'l, Inc.*, No. 7:20-cv-00611, 2021 WL 3215124, at *2 (W.D. Va. July 29, 2021) (finding $200 a reasonable hourly rate for a partner at counsel's firm in a less-complicated case).

Applying that rate to the 71 hours Plaintiffs' counsel worked results in a lodestar of $14,200, which is far greater than the $2,492 fee award provided for in the Agreement.[4] The Agreement's attorney-fee award also does not detract from Plaintiffs' recovery. Finally, the Fourth Circuit recognizes that fee awards to counsel advance the remedial goals of enabling plaintiffs "to obtain the assistance of competent counsel in vindicating their rights." *See Brandon v. Guilford Cnty. Bd. of Elections*, 921 F.3d 194, 199–200 (4th Cir. 2019) (internal quotation omitted). Accordingly, the court finds that the Agreement's attorney-fee award is reasonable, even when considering the award in relation to Plaintiffs' recovery. *See Spencer v. Cent. Servs., LLC*, No. CCB 10-03469, 2012 WL 142978, at *4 n.4 (D. Md. Jan. 13, 2012) ("In FLSA cases, . . . the attorneys' fees need not be proportional to the damages plaintiffs recover, because the award of attorneys' fees in such cases encourages the vindication of Congressionally identified policies and rights.") (internal quotation omitted).

For the foregoing reasons, the court finds that the proposed Agreement represents a fair, reasonable, and adequate resolution of a bona fide FLSA dispute. It is hereby **ORDERED** that the parties' joint motion for approval of their proposed settlement agreement (ECF No. 27) is **GRANTED**, the terms of the parties' proposed settlement are **APPROVED**, and this action is **DISMISSED WITH PREJUDICE**. The court will **RETAIN** jurisdiction over this matter to enforce the terms of the settlement.

---

[4] The Agreement's attorney-fee award of $2,492 equals the $3,200 that Plaintiffs' counsel will receive for fees and costs under the Agreement, minus counsel's $708 in costs.

The Clerk is directed to forward a copy of this Order to all counsel of record.

**ENTERED** this 4th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE